IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MITSUBISHI MOTORS CREDIT OF AMERICA, INC. | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 1:05-cv-1856-SEB-JMS ) |
| JOHN HUBLER | ) Please serve by certified mail, ) return receipt requested. |
| Judgment-Defendant, | ) ) |
| HUBLER NISSAN, INC.<br>Attn: Dennis F. McCrosson<br>6125 W. U.S. Highway 31<br>Indianapolis, IN  46227<br>      and<br>Attn:  Joseph Munson<br>8220 S. U.S. Highway 31<br>Indianapolis, IN  46227 | ) ) ) ) ) ) ) ) ) |
| Garnishee-Defendant. | ) ) |

**ORDER AND GARNISHMENT ON WAGES, COMMISSIONS, INCOME AND DIVIDENDS**

COME NOW the following parties:  plaintiff, by counsel; judgment-defendant, John W. Hubler, in person and by counsel; and Garnishee by submission of answers to interrogatories; and pursuant to the Summons and Order to Answer Interrogatories, Notice of Hearing and Interrogatories previously issued by this Court and served on Garnishee, and pursuant to Plaintiff's Verified Complaint for Proceeding Supplemental previously filed and the Order to Appear served on judgment-defendant, and the Court having heard evidence at a Proceeding Supplemental hearing and being duly advised, finds that:

1. The Court's personal jurisdiction over the judgment-defendant is continuing jurisdiction based upon proper service of the verified petition, and the Court's personal jurisdiction over Garnishee is based on the Garnishee's filing of responses to interrogatories without objecting to the jurisdiction of the Court.

2. The Court finds that it has subject matter jurisdiction based upon having entered the judgment which is the basis for the proceeding supplemental and collection of the judgment has not been stayed.

3. The Court further finds that on October 6, 2006, plaintiff was granted judgment against the judgment-defendant, upon which there remains an unsatisfied balance of $1,540,044.80, plus post-judgment interest and costs, and it further appearing that the judgment-defendant, John W. Hubler, has wages, salary, commissions, dividends and/or earnings due, or to become due, in excess of those amounts exempt from execution.

4. The Court, having considered the evidence and being duly advised, now accepts the facts set out in plaintiff's motion as true, and finds that plaintiff is entitled to recover of and from the earnings of judgment-defendant the amount required to satisfy said judgment and costs with interest, until the same is fully paid and satisfied.

5. The Court further finds that the judgment-defendant is entitled to the resident householder exemption provided by I.R.C. § 34-55-10-2.

6. IT IS ORDERED that the Clerk of the United States District Court for the Southern District of Indiana levy on said income due or to become due to said judgment-defendant, from said Garnishee, who is hereby ordered to pay to Richard C. Richmond, III, Sommer Barnard PC, One Indiana Square, Suite 3500, Indianapolis, Indiana 46204, at least monthly:

      A.     All non-disposable net earnings/net income in their entirety (including but not limited to severance payments, dividend payments, and similar non-wage payments), without reference to the limitations imposed upon the retention of disposable incomes in paragraph B below; and

      B.     The lesser of (as to wages and/or commissions):

          i.     Twenty-five percent of the judgment-defendant's disposable earnings per week, defined as the amount remaining after deducting, only, the following from gross earnings: (a) federal income tax; (b) federal social security; and (c) Indiana adjusted gross income tax and county option tax; or

          ii.    Disposable earnings less than $175.50 (thirty times the federal minimum wage) per week;

To be applied upon the judgment rendered in this cause in the sum of $1,540,044.80, plus interests and costs until the unpaid balance is fully paid and satisfied.

7. Garnishee shall indicate on all garnishment deduction checks:

      A.     The judgment-defendant's name; and

      B.     The Court cause/case number.

8. Income subject to garnishment in paragraphs A and B above includes all of Garnishee's contributions to any deferred-income plan.

9. A support withholding order takes priority over this Order, irrespective of their dates of entry or activation. If the judgment-defendant is subject to a support withholding order and this garnishment Order, this garnishment Order shall be honored only to the extent that

disposable earnings withheld under the support withholding order do not exceed the maximum amount subject to garnishment as computed above.

10. This Order shall be effective only after all prior judgment-creditor final garnishment orders have been fully satisfied and only one judgment-creditor final garnishment order will be carried out by the Garnishee at one time.

11. This garnishment Order is also subject to the provisions of 15 U.S.C. § 1671, et seq., and if federal and state law differ, federal law will prevail.

12. A copy of the relevant garnishment provisions of Ind. Code 24-4.5-5-105 is attached to this Order.

13. Failure to comply with this Order may result in punishment for contempt of court.

Dated: 03/13/2008

*[signature]*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Inquiries should be made in writing to:

Richard C. Richmond, III
Sommer Barnard PC
One Indiana Square, Suite 3500
Indianapolis, IN 46204

Make payments to:

Richard C. Richmond, III
Sommer Barnard PC
One Indiana Square, Suite 3500
Indianapolis, IN 46204

Distribution:

William J. Tucker, Esq.
William J. Tucker & Associates
429 N. Pennsylvania Street, Suite 100
Indianapolis, IN 46204